**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4004**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID BRANDFORD,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:08-cr-00084-CCB-1)

─────────

Submitted:  June 23, 2010            Decided:  July 29, 2010

─────────

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Timothy J. Sullivan, William A. Mitchell, Jr., BRENNAN SULLIVAN
& MCKENNA LLP, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Michael J. Leotta, Appellate
Chief, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted David Brandford of conspiracy to commit bank larceny, in violation of 18 U.S.C. § 371 (2006), and aiding and abetting bank larceny, in violation of 18 U.S.C. §§ 2 & 2113(b), (f) (2006). The district court sentenced Brandford to a total of seventy months of imprisonment. On appeal, Brandford challenges the district court's admission of certain testimony under Fed. R. Evid. 404(b) and 403, and argues that the court abused its discretion in denying his motion for a mistrial. Finding no reversible error, we affirm.

Brandford argues that the admission of testimony regarding his alleged drug dealings was not intrinsic evidence and violated Rules 404(b) and 403 of the Federal Rules of Evidence. This court reviews a district court's evidentiary rulings for an abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). Our review of the trial transcript leads us to conclude that the district court did not abuse its discretion in admitting the testimony. See United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (discussing admissibility of evidence as intrinsic or under Rules 404(b) and 403), cert. denied, __ U.S. __, 2010 WL 2160795 (U.S. June 1, 2010) (No. 09-617); see also Blake, 571 F.3d at 348 ("Any danger of unfair prejudice was greatly minimized by the court's instructions.").

Even if the district court erred by admitting the testimony, the Government asserts that any error is harmless. "Erroneously admitted evidence is harmless if a reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the [nonconstitutional] error." United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). Here, any error in the admission of the testimony was harmless because Brandford's alleged drug dealings were not a central issue in the case and this was not a close case. See Basham, 561 F.3d at 327-28; United States v. Ince, 21 F.3d 576, 583-84 (4th Cir. 1994) (discussing factors courts consider in determining harmlessness of nonconstitutional error). We therefore conclude that Brandford is not entitled to relief on his evidentiary claims.

Brandford also asserts that the district court erred by denying his motion for a mistrial in light of the Government's reference to his alleged drug activities during closing rebuttal argument. This court "review[s] a district court's denial of a motion for a mistrial for abuse of discretion." Johnson, 587 F.3d at 631. We have carefully considered Brandford's claim and find that the district court did not abuse its discretion in denying the motion. The

3

district court reduced any risk of unfair prejudice by instructing the jury that Brandford faced only the charges in the indictment and was not on trial for any narcotics-related offense. See id. (stating that appellate court presumes jury followed court's instructions); Blake, 571 F.3d at 348.

Accordingly, we affirm the district court's judgment. We deny Brandford's motion for bail pending appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED